# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ROBERT LOUIS CLARK, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-5 (MTT) |
| KENNETH COWENS, | ) |
| Defendant. | ) |

# ORDER

United States Magistrate Judge Amelia Helmick recommends granting Defendant Kenneth Cowens' motion for summary judgment (Doc. 31) because the undisputed facts establish that Cowens did not violate the Plaintiff's Eighth Amendment rights. Doc. 37. Plaintiff filed an objection (Doc. 38), so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which he objects.[1]

Plaintiff contends that the following are "question[s] for a jury to answer" (Doc. 38 at 2): (1) whether Cowens "made false statements in the Plaintiff's first 1983 against Dr. Fye and Dr. Cowens to get [Plaintiff's] first 1983 dismissed" (*Id*.); (2) whether Cowens "directly participate[d] in the Plaintiff's treatment by signing off on the Plaintiff's consults, and by directly ordering the tests" (*Id*.); and (3) whether the Plaintiff or Cowens is "telling the truth" about Plaintiff's "Hepatitis B or C" infection status (*Id.* at 1, 2, 3, 6). In

---

[1] The Court does not review Plaintiff's objections which do not relate to the grounds for summary judgment cited by the Magistrate Judge, or which do not relate to Cowens. Specifically, the Court does not address Plaintiff's objections regarding the statute of limitations and issue preclusion (Doc. 38 at 4-5) and additional allegations concerning Doctor Fye. Fye was dismissed at the preliminary screening stage. Doc. 17.

addition, Plaintiff maintains that Cowens is not entitled to qualified immunity. *Id*. at 6. The Court addresses each objection in turn.

First, Cowens' allegedly false statements in another lawsuit are not relevant to this case.[2]  Second, Cowens' "direct[] participat[ion] in the Plaintiff's treatment" is uncontested with respect to both Plaintiff's alleged medical conditions—PTSD and Hepatitis B.  As the Magistrate Judge explained, "[i]t is uncontested in the record that [Cowens] does not diagnose or treat mental health conditions and that [Cowens] referred Plaintiff to a mental health provider."  Docs. 31-3 at 41:19-24; 33-1 at ¶ 9; 37 at 12-13.  Similarly, on Plaintiff's hepatitis claim, the uncontested record shows that Plaintiff received multiple diagnostic procedures which did not detect hepatitis.  Docs. 31-5 at 286-87, 291, 310, 314, 375; 31-3 at 50:7-14; 31-4 at ¶ 7.  Therefore, Plaintiff did not raise a question of material fact regarding Cowens' "participation" in relevant events.

The Plaintiff's third contention is that a jury should decide whether Plaintiff or Cowens is more credible for the purpose of determining if Plaintiff has an active "Hepatitis B or C" infection (Doc. 38 at 1-2, 3, 6).  The Magistrate Judge found that Plaintiff failed to raise any question that Plaintiff has an active Hepatitis B infection.  Doc 37 at 13-14.  The Court agrees.  As the Magistrate Judge correctly observed, Hepatitis B is the only hepatitis type raised in Plaintiff's second recast complaint (Docs. 8, 37), and "[t]wo blood panels returned negative results for any Hepatitis B infection—one on December 12, 2018 and one on May 6, 2021."  Docs. 31-5 at 291, 314; 37 at 14.  Still, Plaintiff insists "the blood tests that were taken after Dec. 12, 2018 are forged

---

[2] *See Clark v. Fye*, No. 5:18-cv-00071, 2020 WL 999754 (M.D. Ga. Mar. 2, 2020) (granting summary judgment to Fye on the basis that (1) Plaintiff first alleged he had Hepatitis B after Fye retired and (2) Plaintiff did not have Hepatitis B).

documents, because [Plaintiff] never took any of those test after Dec. 12, 2018." Doc. 38 at 2. The Plaintiff's unsubstantiated speculation does not satisfy his burden in opposing Cowens' motion for summary judgment.[3] In sum, the Plaintiff's objections lack merit and the Magistrate Judge correctly concluded that Cowens did not violate the Plaintiff's Eighth Amendment rights.

Finally, Plaintiff maintains that Cowens is not entitled to qualified immunity because he violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishments. Doc. 38 at 6. But as the Magistrate Judge noted, the Plaintiff failed to demonstrate a constitutional violation and thus has not met the first prong of his qualified immunity burden. Doc. 37 at 16. For the reasons discussed, the Court agrees. Cowens' motion and briefs did not argue or rely on qualified immunity's second prong—clearly established law—and thus the Court does not address that issue.

For the foregoing reasons, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 37) is **ADOPTED** and made the Order of the Court. Accordingly, the Defendant's motion for summary judgment (Doc. 31) is **GRANTED**, and Plaintiff's claims are **DISMISSED** with prejudice.

**SO ORDERED,** this 19th day of September, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991) (noting that a nonmoving party's evidence "cannot consist of conclusory allegations or legal conclusions") (citing *First Nat. Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).