IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **ROBERT LOUIS CLARK,** | : | |
| **Plaintiff,** | : | |
| V. | : | |
| | : | NO. 5:23-cv-00005-MTT-AGH |
| **KENNETH COWENS,** *et al.*, | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

Currently pending before the Court is Plaintiff Robert Louis Clark's second motion for leave to appeal *in forma pauperis* ("IFP"). ECF No. 50. Judgment was entered in this case on September 20, 2024. ECF No. 40. Thereafter, Plaintiff filed a timely notice of appeal and a motion to proceed IFP on appeal. ECF Nos. 41 & 44. The notice of appeal was subsequently dismissed by the Eleventh Circuit for failure to prosecute because Plaintiff did not "comply with the rules on Certificates of Interested Persons and Corporate Disclosure Statements within the time fixed by the rules." ECF No. 46. Rather than denying the motion to proceed IFP as moot, this Court denied leave to appeal IFP on the grounds that Plaintiff had not identified a non-frivolous issue for appeal such that the appeal was frivolous. ECF No. 47.

On January 28, 2025, the Eleventh Circuit clerically reinstated Plaintiff's appeal stating that it had been erroneously dismissed. ECF No. 48-1. Thereafter, the Eleventh Circuit again dismissed Plaintiff's appeal on May 13, 2025, on the ground that he had failed

to pay the filing fees. ECF No. 49. Plaintiff then filed the pending motion for leave to appeal IFP. ECF No. 50. On July 30, 2025, the Eleventh Circuit reinstated Plaintiff's appeal on the ground that it had been erroneously dismissed.[1] ECF No. 51. After reviewing the record, the Court **DENIES** the motion for leave to proceed on appeal *in forma pauperis* for the reasons discussed below.

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. Under 28 U.S.C. § 1915,

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>> (B) claims an entitlement to redress; and
>> (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

---

[1] The docket entry for the order reinstating the appeal says, "Appellant is a three striker stating imminent danger." ECF No. 51. It appears from this docket entry that the Eleventh Circuit has concluded that Plaintiff sufficiently alleged imminent danger to qualify for the exception to the three-strikes rule. Thus, this order does not address imminent danger.

2

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Here, Plaintiff has not submitted an updated account certification form with his motion for leave to appeal IFP. Nevertheless, based on his previously submitted documentation and Plaintiff's statement that he has no money in his account, it appears that Plaintiff is not financially able to pay the appellate filing fee. *See* ECF Nos. 5 & 50.

Second, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

In this action, Plaintiff filed a complaint against two defendants, Dr. Kenneth Cowens and Dr. Fye. ECF Nos. 1, 7 & 8. On preliminary review of the complaint, Plaintiff was granted leave to proceed IFP and allowed to proceed on a deliberate indifference claim

against Dr. Cowens. ECF No. 10. It was recommended that any claims as to Dr. Fye be dismissed with prejudice because they were barred by the statute of limitations. *Id.* That recommendation was adopted by this District Judge. ECF No. 17. Thereafter, this Court granted summary judgment to Dr. Cowens over Plaintiff's objections. ECF Nos. 37-39.

Plaintiff then filed a notice of appeal and a motion for leave to proceed IFP on appeal. ECF Nos. 41 & 44. Plaintiff did not identify any issues for appeal in these filings. *See generally id.* Thus, this Court concluded that Plaintiff had not identified a non-frivolous issue for appeal. ECF No. 47. Moreover, this Court's independent review of the record demonstrated that Plaintiff's appeal was frivolous. *Id.* Finding that the appeal was not brought in good faith, this Court denied the motion and assessed the filing fee pursuant to 28 U.S.C. § 1915(b). *Id.*

In his new motion to proceed IFP on appeal, Plaintiff identifies six issues that he intends to raise on appeal: (1) whether this Court erred in not ruling on his request for an expert witness; (2) whether Plaintiff was denied a fair opportunity to be heard on his Eighth Amendment claims; (3) whether this Court looked closely enough at the record to identify genuine factual disputes; (4) whether this Court erred by failing to tell Plaintiff that he "could file affidavits in response"; (5) whether this Court was required to apply *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); and (6) whether this Court erred by not construing evidence, exhibits, and declarations in Plaintiff's favor. The Court has reviewed these proposed issues and concludes that none of them presents a non-frivolous issue for appeal. Moreover, as stated in the previous order denying leave to proceed IFP on appeal,

4

this Court's independent review demonstrates that Plaintiff's appeal is frivolous. Consequently, Plaintiff's application to appeal IFP (ECF No. 50) is **DENIED**.[2]

    **SO ORDERED**, this 22nd day of August, 2025.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, JUDGE
                                                UNITED STATES DISTRICT COURT

---

[2] This Court's previous order already assessed the filing fee and directed the prison account custodian to remit payments on Plaintiff's behalf until the filing fee was paid in full. ECF No. 47.